# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **SEON STORRS**, on behalf of himself and all others similarly situated, | ) )   CASE NO. _____ ) |
| Plaintiff, | ) ) |
| v. | )   **COLLECTIVE AND CLASS ACTION** )   **COMPLAINT** ) |
| **THE FEDERAL METAL COMPANY**, | )   **JURY DEMAND ENDORSED HEREON** ) |
| Defendant. | ) |

Plaintiff Seon Storrs files this Complaint against Defendant The Federal Metal Company, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. (FLSA) and Ohio Revised Code § 4111.03(D). The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the FLSA and Ohio law.

2. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others like him who worked for Defendant in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. During relevant times, Plaintiff has been an adult individual residing in this District and Division. Plaintiff's written Consent to Join form is attached as **Exhibit A**.

8. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

9. Defendant is a for-profit Ohio corporation, with a principal place of business located at 7250 Division St., Bedford, OH 44146 (Cuyahoga County), and that can be served at its registered agent: David R. Nagusky, at 7250 Division St., Bedford, OH 44146.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

11. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Plaintiff worked for Defendant as an hourly non-exempt heat welder and sorter from approximately 2018 to August 2019, and again from approximately August 2020 to November 26, 2020.

14. Plaintiff's hourly rate was approximately $17.25.

15. Defendant holds itself out as "an industry leader in high quality copper-based cast alloys."[1]

16. As part of the jobs they were hired to perform, Plaintiff and others similarly situated worked with lead and other metals.

17. Therefore, Defendant does not permit Plaintiff and others similarly situated to take their uniforms home with them.

18. Instead, Plaintiff and others similarly situated are required to don their uniforms at work before clocking in and doff their uniforms at work after clocking out.

19. Plaintiff and those similarly situated are required to don and doff their uniforms at work, and Defendant launders the uniforms because they are contaminated with metal.

20. In addition to donning and doffing uniforms, Plaintiff and those similarly situated don and doff hard hats, ear protection, and safety glasses, and many employees, including Plaintiff, also don and doff respirators.

21. As an example, Plaintiff's typical shift was 7:00 AM to 3:00 PM. In order to start his shift on time, he was required to arrive approximately 15 minutes early.

22. Donning of the laundered uniforms and other protective gear was done before Plaintiff and others similarly situated were permitted to clock in.

---

[1] https://www.federalmetal.com/story/ (last viewed 7/14/21).

23. Donning of the uniform and other protective gear, and subsequent walking to and waiting at the time clock after donning took upwards of approximately 10 minutes or more.

24. Likewise, Plaintiff and others similarly situated had to doff their uniforms and protective gear at the end of their shifts.

25. Defendant prohibited Plaintiff and others similarly situated from doffing before they clocked out.

26. Doffing, and subsequent walking to and waiting at the time clock after doffing, similarly took upwards of approximately 10 minutes or more.

27. Accordingly, each shift, Defendant failed to pay Plaintiff and others similarly situated for at least approximately 20 minutes or more of compensable pre- and post-shift work.

28. Because Plaintiff and others similarly situated worked with lead and other metals, and because their uniforms would be contaminated with these metals, it was impossible for them to start their day's work or leave after their shift without first donning and doffing their uniforms and other protective gear at the Defendant's work location.

29. This pre- and post-shift work is integral and indispensable to the work they are hired to do.

30. Donning and doffing only at work is an intrinsic element of their activities and one in which they cannot dispense with if they are to perform their principal activities.

31. Unless Plaintiff and those similarly situated don and doff their uniforms and other protective gear at work, they cannot complete the jobs they were hired to do.

32. Donning their uniforms at the start of their shifts was their first principal activity of the day, and doffing the same at the end of their shifts was their last principal activity of the day. Accordingly, all work time, including walking and waiting time, should be paid.

33. Plaintiff and others similarly situated were non-exempt employees under the FLSA and Ohio law, were paid an hourly wage, and performed non-exempt work in Defendant's metal processing business.

34. Plaintiff and other similarly situated employees, as full-time employees, regularly worked over 40 hours in a workweek.

35. Therefore, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

36. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law.

37. Upon information and belief, Defendant failed to make, keep, and preserve records of all hours worked by Plaintiff and other similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

39. The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All former and current full-time hourly production and manufacturing employees of Defendant's who donned and doffed uniforms and other protective gear in any workweek within 3 years preceding the date of filing of this Complaint through the final resolution of this matter.**

40. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly

situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

41. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other current or former persons employed by Defendant in Ohio within the last two years ("Ohio Class") defined as:

> **All former and current full-time hourly production and manufacturing employees of Defendant's who donned and doffed uniforms and other protective gear in any workweek in Ohio within 2 years preceding the date of filing of this Complaint through the final resolution of this matter.**

43. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class members but estimates that it consists of at least 80 or more employees.

44. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for donning and doffing of uniforms and other protective gear, as well as the associated travel and waiting time, and whether that resulted in the underpayment of overtime.

45. Plaintiff will adequately protect the interests of the Ohio Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's

counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Ohio Class in this case.

46. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**
**(FLSA Overtime Violations)**

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated the FLSA.

50. Plaintiff and those similarly situated are not exempt from the protections of the FLSA.

51. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA.

52. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

53. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been harmed in that they have not received wages due to them pursuant to the FLSA, and because such wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Overtime Class Violations)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated Ohio law.

56. Plaintiff and those similarly situated are not exempt from the protections of Ohio law.

57. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated Ohio law.

58. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated Ohio law.

59. As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been harmed in that they have not received wages due to them pursuant to Ohio's wage and hour laws, and because such wages remain unpaid, damages continue.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and all similarly situated persons collectively pray that this Honorable Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. § 216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the opt-ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

C. Award Plaintiff, and the collective and class he represents, actual damages for unpaid wages and liquidated damages as provided under the FLSA and Ohio law;

D. Award Plaintiff, and the collective and class he represents, pre-judgment and/or post-judgment interest at the statutory rate;

E. Award Plaintiff, and the collective and class he represents, attorneys' fees, costs, and disbursements; and

F. Award Plaintiff, and the collective and class he represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E. 9th St.
Suite 808
Cleveland, OH 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Counsel for Plaintiff*